IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RANDY RABE GOMABON, JR., Plaintiff, vs. UNITED STATES POSTAL SERVICE, Defendant. | ) | CIVIL 17-00417 LEK-RLP |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant United States Postal Service's ("USPS" or "Defendant") Motion to Dismiss ("Motion"), filed on October 20, 2017. [Dkt. no. 13.] Pro se Plaintiff Randy Rabe Gomabon, Jr. ("Plaintiff") did not file a response to the Motion. On January 4, 2018, an entering order was issued finding the Motion suitable for disposition without a hearing, pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 17.] The Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

On August 2, 2017, Plaintiff filed a "Statement of Claim and Notice [General Form]" in the State of Hawai`i Small Claims Division of the District Court of the First Circuit, Honolulu Division ("small claims court"). This document is considered Plaintiff's "Complaint" in the instant case. [Notice

of Removal of Civil Action ("Notice of Removal"), filed 8/21/17 (dkt. no. 1), Exh. A (Complaint).]

Defendant removed the case pursuant to 28 U.S.C. § 1442(a)(1).[1] [Notice of Removal at ¶ 4.] Plaintiff states he dropped off two packages at the USPS's Kapalama office, but a couple of days later – apparently on November 9, 2016 – a USPS employee told him the packages were not received. On November 12, 2016, Plaintiff asked a USPS mail carrier about the packages, and she confirmed the packages had been returned. She told Plaintiff she left them on his neighbors' porch. Plaintiff argues this was a violation of USPS policies, which state that a mail carrier must leave a note and return packages to the post office if the intended recipient is not available to receive them. Plaintiff alleges the two packages were lost and seeks $1,008.00 in damages from Defendant. [Complaint at 1.]

---

[1] Section 1442(a) states:

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .

In the instant Motion, Defendant argues Plaintiff's Complaint must be dismissed because: pursuant to 28 U.S.C. § 2680(b), the United States, its agencies, and its officials are immune from such claims; this Court lacks jurisdiction over the case because Plaintiff did not exhaust his administrative remedies, as required by the Federal Tort Claims Act ("FTCA"); and, even if Defendant's first two arguments are rejected, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant also asserts the dismissal should be with prejudice – in other words, Plaintiff should not be allowed to try to fix the defects in his Complaint by filing an amended complaint.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

This district court has stated:

> The United States, as a sovereign state, is immune from suit unless it specifically consents. United States v. Mitchell, 445 U.S. 535, 538 (1980); Reed v. U.S. Dep't of Interior, 231 F.3d 501, 504 (9th Cir. 2000). Any waiver of sovereign immunity must be unequivocally expressed. Block v. North Dakota, 461 U.S. 273, 287 (1983). When a statute waives sovereign immunity, the Court must strictly construe the statute in favor of the United States. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). If there has not been an express waiver of sovereign immunity, then the Court lacks subject matter jurisdiction over the case and it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004)[.]

> The Federal Tort Claims Act ("FTCA") provides for a broad waiver of the United States' sovereign immunity. Schoenfeld v. Quamme, 492 F.3d 1016, 1019 (9th Cir. 2007). The FTCA manifests the United States' consent to be sued "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. The FTCA waives sovereign immunity for the negligence of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).
>
> . . . .
>
> The FTCA bars claimants from seeking damages against the United States in court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). A plaintiff's administrative remedy is exhausted pursuant to the FTCA if:
>
> > (1) the agency has denied the claim in writing; or,
> >
> > (2) the agency has failed to issue a final disposition of the claim six months after it was filed.
>
> 28 U.S.C. § 2675(a); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).
>
> If no such claim is presented to the appropriate federal agency within two years after the claim accrues, a tort claim shall be forever barred. 28 U.S.C. § 2401(b).
>
> The Ninth Circuit Court of Appeals has made clear that the FTCA exhaustion requirement is jurisdictional and must be adhered to strictly. Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

Hensley v. United States, No. CIV. 14-00472 HG-RLP, 2014 WL 7205492, at *3-5 (D. Hawai`i Dec. 16, 2014) (some alterations in Hensley) (footnote omitted).

A complaint filed pursuant to the FTCA must allege facts showing the plaintiff exhausted his administrative remedies. Hoapili v. Enoki, CIVIL NO. 17-00384 SOM-KJM, 2017 WL 4106074, at *1 (D. Hawai`i Sept. 12, 2017) (citing Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the complaint." (citation omitted)); Moore v. United States, 1988 WL 57696, at *2 (9th Cir. Sept. 28, 1988) (indicating that FTCA plaintiffs "must" allege exhaustion)).

Plaintiff's Complaint must be liberally construed because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))). However, even liberally construed, Plaintiff's Complaint does not allege facts showing he exhausted his administrative remedies. The Motion is therefore granted, insofar as Plaintiff's Complaint is dismissed "'for failure to allege this jurisdictional prerequisite.'" See id. (quoting Gillespie, 629 F.2d at 640).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). In theory, Plaintiff could file an amended complaint to address the exhaustion of administrative remedies. Plaintiff wrote his original Complaint on a standard small claims court form that does not require the claimant to address administrative remedies. However, Defendant has presented evidence that no "administrative tort claim was received by [the USPS] on behalf of anyone with the name Randy Rabe Gomabon, Jr." [Motion, Decl. of Conny Beatty ("Beatty Decl.") at ¶ 4.[2]] Because Plaintiff did not respond to the Motion, he has not presented any evidence contradicting Defendant's evidence. This Court therefore concludes it is absolutely clear no amendment can cure the exhaustion defect in Plaintiff's Complaint.[3]

[2] Conny Beatty is employed by the USPS as an attorney at the National Tort Center in St. Louis, Missouri. The adjudication of FTCA claims against the USPS is part of her job duties. [Beatty Decl. at ¶ 2.] In her position, she has "access to databases containing information relating to administrative tort claims submitted to the [USPS] nationwide as well as to claims submitted directly to [USPS] personnel in filed offices around the country." [Id. at ¶ 3.]

[3] Consideration of materials other than the allegations in the complaint ordinarily requires the conversion of a motion to dismiss into a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d (continued...)

**II. Exception to the FTCA Waiver of Sovereign Immunity**

There is a general waiver of sovereign immunity allowing the USPS "to sue and be sued in its official name." 39 U.S.C. § 401(1). In spite of this general waiver, the FTCA still "appl[ies] to tort claims arising out of [USPS] activities." 39 U.S.C. § 409(c). "Section 2680 provides for several exceptions that severely limit the FTCA's waiver of sovereign immunity. If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction." Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1157 (9th Cir.) (brackets, citations, and internal quotation marks omitted), *amended on reh'g*, 868 F.3d 1048 (9th Cir. 2017). One of the exceptions is for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." § 2680(b). The allegations of Plaintiff's Complaint fall squarely within this exception. Thus, even if Plaintiff could amend his Complaint to cure the exhaustion defect, it is absolutely clear he cannot amend the Complaint to cure the fact

---

[3] (...continued)
699, 706 n.4 (9th Cir. 1998), *superseded by statute on other grounds, as stated in*, Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam)). This Court, however, did not consider the Beatty Declaration in determining Plaintiff's Complaint must be dismissed because of the failure to address exhaustion. Because this Court only considered the Beatty Declaration in the analysis of whether the dismissal is with prejudice or without prejudice, conversion of the Motion into a motion for summary judgment is not necessary.

that the USPS has not waived its sovereign immunity from claims like the claim Plaintiff alleges in the Complaint.

**III. Summary**

Plaintiff's Complaint is dismissed because he it does not address whether he exhausted his administrative remedies. The dismissal is with prejudice because it is absolutely clear Plaintiff cannot cure the following defects: the exhaustion defect because no administrative tort claim was submitted to the USPS by him or on his behalf; and the sovereign immunity defect because the USPS has not waived its sovereign immunity from the type of claim Plaintiff is trying to assert. In other words, Plaintiff has no claims remaining in this case, he will not be allowed to file an amended complaint, and this case will be closed.

In light of these rulings, it is not necessary to address Defendant's alternative argument that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Dismiss, filed October 20, 2017, is HEREBY GRANTED. Plaintiff's Complaint, filed on August 2, 2017 in the small claims court, is HEREBY DISMISSED WITH PREJUDICE, in other words, WITHOUT LEAVE TO FILE AN AMENDED COMPLAINT. The Clerk's Office is directed to

enter final judgment in favor of Defendant and to close this case immediately.

If Plaintiff wishes to file a motion for reconsideration of this Order, he is directed to consult Rules 59 and 60 of the Federal Rules of Civil Procedure. Plaintiff can access the Federal Rules of Civil Procedure through the "Links" tab on the district court's website (www.hid.uscourts.gov).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 30, 2018.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RANDY RABE GOMABON, JR. VS. UNITED STATES POSTAL SERVICE; CIVIL 17-00417 LEK-RLP; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**